UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY THEODORE SCARLETT,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COUGHLIN, et al.,<br><br>Defendants. | Case No. 22-cv-06992-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 6 |

Pro se Plaintiff has failed to respond to a motion to dismiss that was filed almost ten months ago. The Court **DISMISSES** the case **WITHOUT PREJUDICE** for failure to prosecute.

## I.   FACTUAL BACKGROUND

Plaintiff "filed an Amended Claim and Order to Go to Small Claims Court against Patrick Coughlin and the 'United States as Guarantor' in the Small Claims Division of the Superior Court of California, Santa Clara County." Dkt. No. 1 at 2 ("Notice of Removal") (citing Notice of Removal, Ex. B "Amended Complaint). The Government removed the case to federal court and filed a motion to dismiss on November 15, 2022; responses to the Motion to Dismiss were due November 29, 2022. *See* Notice of Removal; Dkt. No. 6 ("Motion to Dismiss").

Plaintiff failed to respond by the deadline. On December 2, 2022, Judge Cousins, to whom this case was originally assigned, extended the response deadline to December 15, 2022, directed Plaintiff to file a form either consenting to or declining magistrate judge jurisdiction by that same date, and informed Plaintiff about the Court's Legal Help Desk. *See* Dkt. No. 11. On December 15, 2022, Plaintiff filed a motion to stay requesting an extension of the response deadline to February 15, 2023. *See* Dkt. No. 13, Dkt. No. 13-1 (proposed order with a deadline of February 15, 2023). Because Plaintiff did not consent to magistrate judge jurisdiction by the deadline and

the motion to dismiss is case-dispositive, the case was reassigned to the undersigned. *See* Dkt. Nos. 14, 16. Judge Cousins again reminded Plaintiff of "available access to free and confidential legal consultation" at the Legal Help Desk. *See* Dkt. No. 14.

The Court subsequently directed Plaintiff to file a consent or declination to proceed before a magistrate judge by January 31, 2023. Dkt. No. 28. Plaintiff missed this deadline as well. On January 31, 2023, the parties filed a stipulation requesting that a scheduled case management conference be taken off calendar and providing that, in accordance with Plaintiff's request, the United States would serve Plaintiff with a copy of the motion to dismiss by regular mail even though the Government had previously served this motion by certified mail. *See* Dkt. No. 29. The Court granted the parties' stipulation. *See* Dkt. No. 32.

By April 5, 2023, Plaintiff still had not filed an opposition to the motion to dismiss. The Court terminated as moot Plaintiff's motion to stay (which had requested an extension through February 15, 2023) and set a new response deadline of April 14, 2023. Dkt. No. 33. The Court noted in its order that the "Government has filed several certificates of service that indicate that it served Plaintiff with, for example, the notice of removal, the initial case management scheduling order, and the Government's consent/declination form to proceed before a magistrate judge." Dkt. No. 33. The Court set a motion hearing for April 20, 2023. Dkt. No. 34.

On April 18, 2023, the Court took the pending motion to dismiss (to which Plaintiff had still not filed an opposition) under submission and vacated the hearing date. Dkt. No. 35. The Court also ordered the Plaintiff to show cause "why the case should not be dismissed for failure to prosecute, given Plaintiff's failure to file an opposition to the motion to dismiss despite two extensions of the original November 29, 2022 response deadline." *Id.* The Court directed Plaintiff to file a response to the order to show cause by May 9, 2023 and warned Plaintiff that "if he fails to respond to this order to show cause by the deadline, the case may be dismissed without further notice." *Id.*

On May 10, 2023, Plaintiff filed a response to the order to show cause claiming that he still had not been served by the Government. *See* Dkt. No. 36 at 2. Plaintiff also stated that he was out of state taking care of his mother who was ill and that a doctor had written a letter stating that Plaintiff should refrain from court proceedings to allow time for his own health to improve. *See*

2

*id.* Plaintiff stated that he was making a "special appearance" and did not believe that Defendants had "perfected the jurisdiction" of the Court. *Id.*

## II. LEGAL STANDARD

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts must weigh five factors in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.2d at 1260–61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court considers each factor in turn, and finds that they weigh in favor of dismissal.

## III. DISCUSSION

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Over the course of the case, the Court has issued several extensions for Plaintiff to respond to the motion to dismiss which was filed close to ten months ago, to no avail. The Court finds that Plaintiff's ongoing lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See id.* This factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he

3

trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. Here, Plaintiff has demonstrated routine noncompliance. Plaintiff has repeatedly failed to meet deadlines or respond to Defendant's motion. Plaintiff's noncompliance "has consumed some of the court's time that could have been devoted to other cases on the docket." *See id*. This factor therefore weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991–92.

Here, Plaintiff's excuses that he was caring for his ill mother out of state and that his own health prevented him from being involved in litigation may have warranted some delay. Now, however, the motion has gone unanswered for almost ten months and the case cannot move forward. The Court hopes that Plaintiff's health improves but it would be unduly prejudicial to Defendants to have to wait indefinitely before the case can proceed. Moreover, Plaintiff's bare assertion that he has not been served is inconsistent with the record and not credible. This factor weighs in favor of dismissal.

Fourth, the Court has attempted to use less drastic alternatives that have proven ineffective. The Court has entered an order to show cause, offered multiple extensions of the motion to dismiss response deadline, and expressly warned Plaintiff that his case was at risk of dismissal for failure to prosecute. *See* Dkt. Nos. 11, 33, 35. Judge Cousins also informed Plaintiff that he could seek assistance from the pro se help desk. *See* Dkt. Nos. 11, 14. This factor thus weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a

district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Last, because "[p]ublic policy favors disposition of cases on the merits ... this factor weighs against dismissal." *See Pagtalunan*, 291 F.3d at 643. This is true here, where Plaintiff would be precluded from litigating his claims due to his failure to prosecute.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate.

## IV. CONCLUSION

The Court **DISMISSES** the case **WITHOUT PREJUDICE** for failure to prosecute. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to close the case.

This order **TERMINATES** Defendant's motion to dismiss. Dkt. No. 6.

**IT IS SO ORDERED.**

Dated: 9/14/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge